Weaver, J.
I concur in the majority’s conclusion that the contract may not be bifurcated into separate labor and supply components; the contract is entire and indivisible.
I also concur in the majority’s conclusion that defendant Millen Roofing may not be awarded equitable relief. The residential builders act clearly prohibits a contractor not licensed in this state from maintaining an action for compensation.[1] Likewise, under the Construction Lien Act, MCL 570.1101 et. seq., a *674 contractor does not have a right to a construction lien unless it complies with licensing requirements. MCL 570.1114.
In this particular instance, where plaintiff homeowners invited defendant to enter into the illegal contract, knowing defendant contractor was unlicensed in Michigan and having already availed themselves of the statute to avoid paying a previous unlicensed contractor, the statutory provision for noncompliance with the licensing requirement undoubtedly imposes a heavy penalty on defendant, while providing an unwarranted windfall to these plaintiffs. Plaintiffs, who sought out defendant and helped draft the actual contract, do not allege that defendant was incompetent or inexperienced or that defendant’s work was of inferior quality, and defendant could hardly be characterized as some fly-by-night contractor. Rather, plaintiffs are now using the statutory provision to their advantage to avoid paying for their slate roof.
Nonetheless, in entering into the contract, defendant contractor specifically violated the licensing requirements of the residential builders act, albeit at the plaintiff homeowner’s invitation. Further, in filing a lien to seek compensation for its services, which was done at defendant’s own initiative, defendant violated both the residential builders act and the Construction Lien Act. Additionally, as noted by the *675 majority, defendant rejected/plaintiffs’ offer to pay the balance of the $162,519 contract price plus a $2,684 change order. Defendant rejected the offer because it believed it was owed approximately $50,000 more than plaintiffs offered to pay. The language of the statutes is clear, and, under these circumstances, equity may not be used to avoid their effect.
For these reasons, I concur in the result of the majority opinion.

 As noted in the majority opinion, MCL 339.2412(1) provides in pertinent part:
*674 A person or qualifying officer for a corporation or member of a residential builder or residential maintenance and alteration contractor shall not bring or maintain an action in a court of this state for the collection of compensation for the performance of an act or contract for which a license is required by this article without alleging and proving that the person was licensed under this article during the performance of the act or contract.